# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                        :          Case No. 1:07-cr-137
                                                        (1:12-cv-060)

                                                        District Judge Gregory L. Frost
      -vs-                                          Magistrate Judge Michael R. Merz
                                        :

LAKEISHA BURNEY,

       Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court for initial screening of Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 63). Rule 4 of the Rules Governing § 2255 Motions provides in pertinent part:

> (b) The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

The case has been transferred from the judge who initially heard the case to District Judge Gregory L. Frost. Pursuant to the General Order of Assignment and Reference for the Dayton location of court, it has been referred to the undersigned Magistrate Judge for pretrial management, including initial screening under Rule 4(b).

The prior record in the case shows that Defendant Lakeisha Burney entered into a Plea Agreement with the United States on December 6, 2007 (Doc. No. 24). Therein she agreed to plead guilty to two counts of bank robbery, each carrying a maximum sentence of twenty years in prison.

1

She was then sentenced to 125 months on each count, to run concurrently with each other (Doc. Nos. 34, 35). She appealed to the Sixth Circuit and her appellate counsel filed an *Anders* brief[1] and was permitted to withdraw (Order, Doc. No. 52, PageID 299). The claims Defendant made in her *pro se* brief all related to calculation of the sentencing guideline range. *Id.* The Court of Appeals found the guilty plea was valid and there were no procedural or substantive error in the sentence. *Id.* at PageID 300-301. Final judgment was entered October 23, 2009 (Doc. No. 52). Defendant is deemed to have filed the instant Motion on January 18, 2012, the date she signed the Motion (Doc. No. 63). *Houston v. Lack,* 487 U.S. 266 (1988).

> Defendant pleads the following Grounds for Relief:
>
> > **Ground One:** Leadership points were inaccurately assigned to me at the trial.
> >
> > **Supporting Facts:** Vernell Burney, a co-defendant was the leader in this case. He was not assigned the leadership points. Vernell Burney served his time, and upon release from this case, planned and committed another Bank Robbery, which he is currently incarcerated for at the present time.
> >
> > **Ground Two:** Eric Malcom is my brother. His case was tried in Dayton, Ohio, at the courthouse where my mother workd [sic]. The court would not allow my case to be tried at the Dayton courthouse, due to my mother's employment, yet my brother was tried there.
> >
> > **Supporting Facts:** My brother, Eric Malcom, was not tried until after my trial. He was tried in Dayton, but my case was unfairly moved to Cincinnati. I was thus discriminated against.

(Motion, Doc. No. 63, PageID 321-322.)

28 U.S.C. § 2255(f) provides a one-year statute of limitations for § 2255 motions which runs from the last of four dates; the two potentially relevant dates here are (1) the date on which the judgment of conviction became final (28 U.S.C. § 2255(f)(1)) and (2) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

diligence."

The Court of Appeals judgment in this case was entered October 23, 2009. The judgment of conviction became final ninety days later on January 21, 2010, when Defendant's time to petition the Supreme Court for a writ of certiorari expired. *Clay v. United States,* 537 U.S. 522 (2003). Thus the time for filing under 28 U.S.C. § 2255(f)(1) expired January 21, 2011. Under that section, the Motion is untimely because it was not filed until January 18, 2o12, nearly a year later.

Recognizing the problem presented by § 2255(f)(1), Ms. Burney claims instead that the facts on which her Motion depends were only discovered after the appeal:

> These events did not take place until after 1 year of my final judgement being entered by the Appellate Court. My former co-defendant Vernell Burney was just recently convicted of another, similar crime. This motion is timely filed within a one year timeframe from the discovery of that conviction.

(Motion, Doc. No. 63, PageID 325.)

The records of this Court reflect that Vernell Burney was indeed convicted of armed bank robbery and sentenced to sixty months confinement by District Judge Rice on September 30, 2011 (Case No. 3:11-cr-051, Doc. No. 32). The records also reflect that in this case Vernell Burney was sentenced to thirty-seven months imprisonment and three years supervised release on April 23, 2008. Upon his arrest for the new charges, Judge Rice on October 4, 2011, revoked his supervised release and sentenced him to eighteen months imprisonment in this case, consecutive to the sixty months in the new case (Doc. No. 62).

It is certainly true that Defendant could not have learned of Vernell Burney's new conviction until after it happened in October 2011, less than a year before she filed her Motion. But whatever Vernell Burney did after his release from prison in this case cannot possibly affect whether she was properly assessed leadership points for her conviction. That determination had to be final at the time her sentence was imposed. To put it another way, the only facts which Judge Beckwith could have

considered in assessing the leadership points were facts that had already happened. The fact that her co-defendant was later convicted of another armed bank robbery does not show that she was not a leader for purposes of these two bank robberies. Therefore the discovery of his conviction does not start the statute of limitations over again. Defendant's first Ground for Relief is time barred.

With respect to Eric Malcolm, the records of this Court show that he was indicted on May 12, 2009, on numerous drug and firearm charges (Case No. 3:09-cr-065, Doc. No. 17). On August 28, 2009, he pled guilty and was thereafter on August 19, 2010, sentenced by Judge Rice to seventy-five months imprisonment (Doc. Nos. 56, 125). Defendant does not say when she learned of her brother's conviction, but with any diligence she should have learned of it before January, 2011.

Furthermore, her brother's prosecution in Dayton, Ohio, in 2009 does not support a claim that she was treated unfairly or discriminated against when her case was transferred to a Cincinnati judge in 2007. The Court realized in 2007 that her mother not only worked in the courthouse but was in fact a deputy clerk of courts and transferred the case so as to avoid any appearance that one of the judges might be biased. That decision was made without any knowledge that her brother would be indicted two years later.

Finally, this is the first time Defendant has complained of the transfer to a Cincinnati judge. She never made any complaint while her case was pending, she does not now suggest Judge Beckwith was prejudiced against her, and she raised no such claim on appeal. Litigants, either civil or criminal, have no right to choose the judge to whom their case is assigned, unless for some reason that particular judge is disqualified from hearing the case. Defendant's second Ground for Relief is therefore also time-barred.

Even if Defendant's claims were not barred by the statue of limitations, they would be barred by her failure to raise them on direct appeal. Defendant had already had her case transferred to a Cincinnati District Judge and been assessed the leadership points at the time she appealed. If she

had any valid claims arising out of the transfer or the assessment, she could have raised those at the time of the appeal. As noted above, facts that occurred after the transfer (brother indicted in Dayton) or the assessment (co-defendant convicted in a new case) cannot possibly have affected those decisions and therefore any claim she has about those two decisions could have been raised on direct appeal. Claims which can be presented on direct appeal but are not thus presented are forfeited and cannot be considered on a § 2255 Motion. *United States v. Frady*, 456 U.S. 152 (1982).

It is therefore respectfully recommended that the § 2255 Motion be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied any requested certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith.

January 30, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).