IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LAKEISHA N. BURNEY,**

    Petitioner,

    v.

**UNITED STATES OF AMERICA,**

    Respondent.

CASE NO. 1:07-CR-00137(1)

JUDGE GREGORY L. FROST

### ORDER

This matter is before the Court on defendant's *Motion Requesting that the Court Intercede on Petitioners' Behalf in Order to Ensure a Successful Re-Entry into Society via the Second Chance Act Prisoner Reentry Initiative of 2007,* ECF No. 78, ("*Defendant's Motion*"). Defendant Lakeisha N. Burney was convicted, on her plea of guilty, to two counts of bank robbery. On April 4, 2008, defendant was sentenced to 125 months' imprisonment. *Judgment*, ECF No. 35. The Bureau of Prisons' ("BOP") web site, http://www.bop.gov, indicates that defendant's release date is September 18, 2017. Defendant alleges that her "Home Detention Eligibility" date is March 18, 2017. D*efendant's Motion*, PAGEID# 393

In *Defendant's Motion*, defendant "asks for judicial recommendations for placement in Community Corrections or Home Confinement pursuant to 18 USC 3621(b) and 18 USC 3624(c*)." Id.,* at PAGEID# 394. "By allowing petitioner to serve the remainder of her sentence at a CCM (halfway) house, petitioner will be able to adjust

1

at a rate that will not be overwhelming, nor will it allow or promote previous behavior that was the result of the petitioners' incarceration." *Id.*, at PAGEID# 394-95 [sic]. This Court has no authority to grant the relief requested by defendant.

The BOP is charged by statute with designating the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b). The BOP must make that designation after considering certain enumerated factors. *Id*. The BOP is also charged by statute with facilitating a prisoner's reentry into society.  18 U.S.C. § 3624(c). The Second Chance Act of 2007, 42 U.S.C. § 17501, provides that the BOP Director shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Second Chance Act, Pub. L. 110-199, § 251, 122 Stat. 660, 692 (2008). In doing so, however, the BOP must consider the factors set forth in 18 U.S.C. § 3621(b). *Keeper v. Lappen*, (N.D. Ohio May 18, 2010).

A prisoner has no constitutional right to be placed in a community correctional center earlier than the date on which the BOP assigns her, so long as the BOP has considered the factors enumerated in 18 U.S.C. § 3621(b). Because Congress has vested in the BOP the right to exercise complete and absolute discretion in matters relating to the incarceration and classification of a lawfully convicted prisoner, 18 U.S.C. § 3621, this Court is without authority to direct the terms of defendant's incarceration.  Moreover, a prisoner has no

constitutional right to serve her sentence in a facility of her choosing. *Beard v. Livesay*, 798 F.2d 874 (6th Cir. 1986). Similarly, a prisoner has no constitutional right to release prior to the expiration of her sentence. *Greenholtz v. Inmates of Mebraska Penal & Correctional Complex,* 442 U.S. 1, 7 (1979). Finally, to the extent that Defendant's Motion may be construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the matter must be dismissed, in light of defendant's failure to affirmatively allege that she has exhausted her administrative remedies. *See Little v. Hopkins,* 638 f.2D 953 (6TH Cir. 1981)("It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted.").

For all these reasons, defendant's *Motion Requesting that the Court Intercede on Petitioners' Behalf in Order to Ensure a Successful Re-Entry into Society via the Second Chance Act Prisoner Reentry Initiative of 2007,* ECF No. 78, is **DENIED**.

**IT IS SO ORDERED.**

      /s/ GREGORY L. FROST
GREGORY L. FROST
United States District Judge

3